# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOYCE CHRISTIE | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-11830 NMG |
| | ) | |
| HARTFORD LIFE GROUP INSURANCE | ) | |
| COMPANY as successor to CNA GROUP | ) | |
| LIFE ASSURANCE COMPANY | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF WITH JURY DEMAND

Defendant, Hartford Life Group Insurance Company f/k/a CNA Group Life Assurance Company ("Hartford or Defendant"), improperly named as "Hartford Life Group Insurance Company as successor to CNA Group Life Assurance Company," hereby answers Plaintiff's Complaint as follows:

The allegations in the introductory paragraph are legal conclusions to which a response is not required. To the extent the introductory paragraph is deemed to allege facts, they are denied.

## PARTIES

1.  Defendant admits that the Plaintiff is an individual, but lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 1.

2.  Defendant admits that it is licensed to issue contracts in Massachusetts. Defendant denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.  The allegations contained in Paragraph 3 are legal conclusions to which a response is not required. To the extent Paragraph 3 is deemed to allege facts, they are denied.

4.    The allegations contained in Paragraph 4 are legal conclusions to which a response is not required.

## FACTS

5.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 5.

6.    Defendant leaves Plaintiff to bear her burden of proving the allegations contained in Paragraph 6.

7.    Defendant denies the allegations contained in Paragraph 7.

8.    Defendant denies the allegations contained in Paragraph 8.

9.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9.

10.    Defendant denies the allegations in Paragraph 10.

11.    Defendant admits that the duties listed in Paragraph 11 are included in Plaintiff's job description.  Defendant denies that they constitute the material and substantial duties of Plaintiff's occupation.

12.    Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12.

13.    Defendant admits that Plaintiff sought benefits from CNA Group Life Assurance Company. Defendant denies that CNA Group Life Assurance Company is the "predecessor" to Defendant.

14.    Defendant denies that the documentation submitted by Plaintiff supports her claim for benefits.  Defendant denies that CNA Group Life Assurance Company is the "predecessor" to Defendant.  Defendant admits that it has refused to pay benefits to Plaintiff.

15. Defendant denies that Plaintiff appealed the benefit determination "on a number of occasions." Defendant denies that CNA Group Life Assurance Company is the "predecessor" to Defendant.

16. Defendant admits that it continued to deny Plaintiff's claim for benefits. Defendant denies that CNA Group Life Assurance Company is the "predecessor" to Defendant.

## COUNT I – BREACH OF CONTRACT

17. Defendant realleges each of the paragraphs above as if fully set forth herein.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

## COUNT II – VIOLATION OF M.G.L. c. 93A and c. 176D

22. Defendant realleges each of the paragraphs above as if fully set forth herein.

23. The allegations contained in Paragraph 23 are legal conclusions to which a response is not required. To the extent Paragraph 23 is deemed to allege facts, they are denied.

24. The allegations contained in Paragraph 24 are legal conclusions to which a response is not required. To the extent Paragraph 24 is deemed to allege facts, they are denied.

25. Defendant admits the allegations contained in Paragraph 25.

26. Defendant admits the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. The allegations contained in Paragraph 28 are legal conclusions to which a response is not required. To the extent Paragraph 28 is deemed to allege facts, they are denied.

29. Defendant denies the allegations in Paragraph 29.

30.   Defendant denies the allegations in Paragraph 30.

31.   Defendant denies the allegations in Paragraph 31.

## COUNT III – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

32.   Defendant realleges each of the paragraphs above as if fully set forth herein.

33.   Defendant denies the allegations in Paragraph 33.

34.   Defendant denies the allegations in Paragraph 34.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's remedies, if any, are subject to the restrictions, deductions and offsets contained

in the applicable plan.

2.   The decision to deny Plaintiff's claim for benefits was correct and made in good faith.

Respectfully Submitted,

Defendant Hartford Life Group Insurance
Company,

David B. Crevier, BBO # 557242
Katherine R. Parsons, BBO # 657280
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115
Tel:  413-787-2400
Fax:  413-781-8235
Emails:  dcrevier@crevierandryan.com
kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on Plaintiff's counsel by first class U.S.
Mail, postage prepaid this 15th day of September 2005.