**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| JOYCE CHRISTIE ) | |
|         Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-11830 NMG |
| ) | |
| HARTFORD LIFE GROUP INSURANCE ) | |
| COMPANY f/k/a CNA GROUP ) | |
| LIFE ASSURANCE COMPANY ) | |
|         Defendant. ) | |
| _____) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN EXAMINATION OF PLAINTIFF**

Defendant, Hartford Life Group Insurance Company ("Defendant"), hereby move s the Court pursuant to LR. 7.1 (B)(3) for leave to file a reply brief in support of their Motion to for an Examination of Plaintiff. Plaintiff's Opposition raises several issues and cases not addressed by Defendant in its original Motion to Dismiss to which they wish to respond. Defendant's Reply brief will be beneficial to the Court in deciding Defendant's Motion for an Examination of Plaintiff. The proposed brief is attached hereto.

                                                                              Respectfully Submitted,

                                                                              Defendant Hartford Life Group Insurance Company,

                                                                              /s/Katherine R. Parsons
                                                                              David B. Crevier, BBO # 557242
                                                                              Katherine R. Parsons, BBO # 657280
                                                                              Crevier & Ryan, LLP
                                                                              1500 Main Street, Suite 2020
                                                                              Springfield, MA 01115
                                                                              Tel:  413-787-2400
                                                                              Fax:  413-781-8235
                                                                              Emails:  dcrevier@crevierandryan.com
                                                                                             kparsons@crevierandryan.com

## LOCAL RULE 7.1 CERTIFICATION

      I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

                                                  /s/Katherine R. Parsons

## CERTIFICATE OF SERVICE

      I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 6th day of September, 2006.

                                                  /s/Katherine R. Parsons

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| JOYCE CHRISTIE | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-11830 NMG |
| | ) | |
| HARTFORD LIFE GROUP INSURANCE | ) | |
| COMPANY f/k/a CNA GROUP | ) | |
| LIFE ASSURANCE COMPANY | ) | |
|                 Defendant. | ) | |
| _____) | | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR AN EXAMINATION OF PLAINTIFF**

The Defendant, Hartford Life Group Insurance Company ("Defendant"), hereby replies to Plaintiff's Opposition to Defendant's Motion for an Examination of Plaintiff.

**ARGUMENT**

Plaintiff argues that Defendant's Motion for an Examination of Plaintiff ("Defendant's Motion") should be denied because: (1) Rule 35 does not apply to breach of contract actions; (2) Plaintiff's condition is not in controversy as contemplated by Rule 35; and (3) Defendant breached the contract. As explained below, the Court should grant Defendant's Motion for an Examination of Plaintiff because: (1) Rule 35 applies to breach of contract actions; (2) Plaintiff's condition is in controversy; and (3) Plaintiff's argument that Defendant breached the contract is both premature and moot.

First, without citing any authority, Plaintiff argues that the Court's authority to order physical examinations pursuant to Rule 35 does not extend to breach of contract actions. Plaintiff's Opposition at 5. Contrary to Plaintiff's argument, Rule 35 authorizes the Court to order physical examinations where the plaintiff has placed her physical condition in controversy

1

regardless of whether the claim is one in tort or one for breach of contract.  See e.g. Myers v. Travelers Ins. Co., 353 Pa. 523, 525-26 (Pa. 1946)(upholding the lower court's decision to direct a physical examination of a plaintiff seeking disability benefits pursuant to a breach of contract claim, holding that there is no difference between the ordering of physical exams in tort actions as opposed to contract actions).

Second, contrary to Plaintiff's assertion, Plaintiff's condition is very much in controversy in this case.  Plaintiff's Opposition at 5-6.  Plaintiff seeks ongoing, long-term disability benefits.  Complaint at 7.  Plaintiff claims that Defendant breached the contract because she was and continues to be disabled under the terms of the long-term disability policy.  See Complaint.  Defendant maintains that it did not breach the contract and Plaintiff is not entitled to long-term disability benefits because she is not disabled under the terms of the policy.  With respect to the breach of contract claim, the controversy before this Court is whether or not Plaintiff is disabled under the terms of the policy, and as such, whether or not she is entitled to benefits under the policy.[1]  As such, Plaintiff's condition is in controversy and an examination of Plaintiff is both directly relevant to Plaintiff's claim for breach of contract and appropriate at this time.  E.g. Myers, 353 Pa. 523, 525-26 (Pa. 1946) (upholding the lower court's decision to direct a physical examination of a plaintiff seeking disability benefits pursuant to a breach of contract claim).  Moreover, a physical examination of Plaintiff will aid the Court in deciding the ultimate issue in this case – whether or not Plaintiff was and is disabled under the terms of the policy.

---

[1] Plaintiff, apparently confusing Plaintiff's breach of contract claim for benefits with an ERISA claim for benefits, incorrectly argues that the relevant evidence is limited to whether Defendant properly investigated the claim and correctly denied it.  Plaintiff's Opposition at 6.  In an ERISA case, the Court is limited to a review of the claims administrator's decision to grant or deny benefits.  Leahy v. Raytheon Co., 315 F.3d 11, 17 (1st Cir. 2002).  The present case, however, is not an ERISA case and whether or not Defendant properly investigated Plaintiff's claim and correctly denied it is irrelevant to Plaintiff's breach of contract claim for benefits.

2

Third, Plaintiff's argument that Defendant is not entitled to obtain an examination of Plaintiff because it breached the contract puts the cart before the horse. As Plaintiff noted, Defendant maintains that it did not breach the contract because Plaintiff is not entitled to long-term disability benefits under the policy. This case is in the midst of discovery and there has been no determination as to whether or not Defendant breached the contract. This Court cannot sanction Defendant by preventing it from obtaining relevant evidence due to Plaintiff's unproven allegations that Defendant breached the contract.

Moreover, as indicated in Defendant's Motion, Defendant is seeking an examination of Plaintiff pursuant to Rule 35, not pursuant to the terms of the policy. Because Defendant is not seeking to obtain an examination of Plaintiff pursuant to the terms of the policy, Plaintiff's entire argument that Defendant is not entitled to obtain an examination of Plaintiff because it breached the contract is moot.

## CONCLUSION

For the reasons set forth above and in Defendant's Motion for an Examination of Plaintiff, Defendant respectfully requests that the Court order the Plaintiff to appear at 10:00am on September 15, 2006 at the offices of Walter Panis, M.D., Spaulding Rehabilitation Hospital, PM&R Department, 125 Nashua Street, Boston, Massachusetts 02114 for an examination that shall consist of a physical examination together with such tests as Dr. Panis may deem medically appropriate to permit him to reach a reasoned conclusion regarding the exact nature and extent of her alleged disability, restrictions, functionality, and work capacity. Defendant

further requests that the Plaintiff's attorney be prohibited from being present at the examination.[2]

             Respectfully Submitted,

             Defendant Hartford Life Group Insurance Company,

             /s/Katherine R. Parsons
             David B. Crevier, BBO # 557242
             Katherine R. Parsons, BBO # 657280
             Crevier & Ryan, LLP
             1500 Main Street, Suite 2020
             Springfield, MA 01115
             Tel:  413-787-2400
             Fax:  413-781-8235
             Emails:  dcrevier@crevierandryan.com
                kparsons@crevierandryan.com

## LOCAL RULE 7.1 CERTIFICATION

 I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

             /s/Katherine R. Parsons

## CERTIFICATE OF SERVICE

 I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 6th day of September, 2006.

             /s/Katherine R. Parsons

---

[2] "The clear majority of federal courts have refused to permit third party observers at Rule 35 examinations."  Cabana v. Forcier, 200 F.R.D. 9, 12 (D.Mass. 2001)(Gorton, J.).